UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Virgil Treece,

                     Plaintiff,

vs.

SCDMH;
Shelly Winston-Wood;
P.S.O. Gaither;
S/O Ron Whitehead,

                     Defendants.

C/A No. 3:10-2354-DCN-JRM

**REPORT AND RECOMMENDATION**

      The plaintiff, Virgil Treece ("Plaintiff"), proceeding *pro se*, brings this civil action concerning his conditions of confinement.[1] Plaintiff is involuntarily civilly committed as a sexually violent predator ("SVP") to the South Carolina Department of Mental Health for treatment, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that several defendants searched his room and belongings on July 27, 2010, in an illegal manner and for an illegal reason. Plaintiff seeks monetary damages. The defendant "SCDMH" should be summarily dismissed from this action.

*Pro Se* and *In Forma Pauperis* Review

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the

2

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

"State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South

Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

It is clear that the South Carolina Department of Mental Health (or SCDMH) is a department of the State of South Carolina and functions as an arm of the State. *See, e.g., Belcher*, 460 F. Supp. at 808-809. Plaintiff is seeking monetary damages against the defendants. Thus, because Plaintiff seeks monetary damages from an arm of the State of South Carolina, the claims against the South Carolina Department of Mental Health for monetary damages are barred in this court. Accordingly, the defendant South Carolina Department of Mental Health should be dismissed without prejudice based upon Eleventh Amendment immunity.[2]

Recommendation

It is recommended that the District Court dismiss the defendant South Carolina Department of Mental Health (or SCDMH) from this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

October 4, 2010　　　　　　　　　　　　　　　　　Joseph R. McCrorey
Columbia, South Carolina　　　　　　　　　　　　United States Magistrate Judge

---

[2] Plaintiff should know that the South Carolina Department of Mental Health has Eleventh Amendment immunity from monetary damages because this court has so ruled in Plaintiff's prior action filed against the South Carolina Department of Mental Health. *See Treece v. SCDMH, et al.*, C/A No. 3:08-3909-DCN-JRM (D.S.C.) (R and R entered on 2/19/10, at Docket Entry # 96).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).