IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| VIRGIL TREECE, ) | Civil Action No. 3:10-2354-DCN-JRM |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| SHELLY WINSTON-WOOD; ) | |
| P.S.O. GAITHER; AND ) | |
| S.O. RON WHITEHOOD, ) | |
| Defendants. ) | |

Plaintiff filed this action, pro se, on September 14, 2010.  He is involuntarily committed to the Sexually Violent Predator Treatment Program at the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent Predator pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170.  The parties have filed motions, as discussed below.

1. <u>Motion for SCDMH to Cease and Desist Providing Legal Counsel or Funds for Private Legal Counsel for Defendants</u>

On March 4, 2011, Plaintiff filed a motion pursuant to Rule 9, Fed. R. Civ. P., asking that the Court bar the State of South Carolina and SCDMH from providing legal counsel to Defendants.  He appears to argue that because SCDMH has been dismissed as a defendant[1] to this action, the State

---

[1]On December 9, 2010, the Honorable David C. Norton, Chief United States District Judge of the District of South Carolina, adopted the undersigned's report and recommendation (recommending that SCDMH be dismissed as a defendant to this action based on Eleventh (continued...)



of South Carolina and SCDMH cannot provide funds to the defense of the remaining Defendants. Plaintiff claims that the providing of legal counsel to Defendants violates Rule 9, the South Carolina Constitution, the Eleventh Amendment to the United States Constitution, and S.C. Code Ann. §§ 15-78-70(b) and 15-78-60. Defendants contend that Plaintiff's motion should be denied because none of the constitutional provisions, statutes, or Rules cited by Plaintiff provide a legal means for him to obtain the relief he seeks; counsel for Defendants is unaware of any such constitutional provision, statute, or rule that would provide such relief; and Plaintiff has not pointed to any actual or potential conflict that would prohibit defense counsel from representing Defendants (nor does such a conflict exist).

Plaintiff fails to assert any legal basis that supports his motion. Further, he has not shown any conflict that would prohibit defense counsel from representing Defendants in this action. **Plaintiff's motion for SCDMH to cease and desist providing legal counsel or funds for private legal counsel to Defendants (Doc. 17) is, therefore, denied.**

2.      Motion to Compel/Motion to Strike Response

On May 20, 2011, Plaintiff filed a motion to compel discovery. He states that as of May 16, 2011, Defendants have refused to produce documents and cooperate in discovery. Defendants contend that Plaintiff's motion to compel should be denied because Plaintiff failed to follow proper procedure in filing his motion to compel; any motion to compel is untimely as to the discovery requests Plaintiff allegedly served on March 23, 2011; Plaintiff's other discovery requests are untimely; Defendants have now responded to Plaintiff's March 23, 2011 discovery requests; and

---

[1](...continued)
Amendment immunity) and dismissed SCDMH without prejudice as a defendant to this action. See Doc. 11.



most of Plaintiff's discovery requests are excessive, vague, ambiguous, irrelevant, protected by security concerns, and/or are not in the individual Defendants' possession.

On June 17, 2011, Plaintiff filed a motion, pursuant to Rule 12, Fed. R. Civ. P., to strike Defendants' response in opposition to his motion to compel. He asserts that Defendants' response is "impertinate [sic] and scandalous" and is a "sham pleading with absolutely no supporting facts." Plaintiff claims that Defendants are obstructing justice by refusing to cooperate in discovery. Defendants argue that Plaintiff's motion to strike should be denied because Plaintiff offers no law or evidence to support his claims other than his conclusory allegations, motions to strike are disfavored, and motions to strike pursuant to Rule 12(f) is not available to strike material set forth in motions.

Rule 12(f) provides:

**Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
 (1) on its own; or
 (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Further, motions to strike pursuant to Rule 12(f) are directed only to pleadings. According to Rule 7, a document is a pleading only if it fits in one of the following categories: complaint, answer to complaint, answer to a counterclaim, answer to a crossclaim, third-party complaint, answer to a third party complaint, and a reply to an answer. Fed.R.Civ.P. 7(a). A motion is not a pleading. See Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., 244



F.R.D. 317, 321 (E.D.Va. 2007); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). **Plaintiff's motion to strike (Doc. 39) is, therefore, denied.**

Plaintiff attached copies of his discovery requests to his motion to compel. He included his first request for discovery which is dated March 23, 2011, but does not include a certificate of service showing when it was served;[2] his first amended request for discovery, which reflects a service date of April 4, 2011; his second request for production, which reflects a service date of April 25, 2011; and a request for interrogatories, which also reflects an apparent service date of April 25, 2011. Although the certificate of service for Plaintiff's second request for discovery and his request for interrogatories states that the documents were placed in the mail on February 2, 2011, the documents themselves and the certificate of service are actually dated April 25, 2011, indicating they were not served on February 2, 2011.[3]

The Scheduling Order provided that discovery was to be completed no later than April 29, 2011, and all discovery requests had to be served in time for the responses thereto to be served by that date. See Doc. 19. A party has thirty days after being served to respond to such discovery requests. See Fed. R. Civ. P. 33 and 34. When requests are served by mail, an additional three days are provided. Fed. R. Civ. P. 6(d). Thus, Plaintiff's amended discovery request, his second request for discovery, and his request for interrogatories were not timely served. Even assuming that

---

[2]The Local Rules require that "[t]he relevant discovery requests and responses, if any, shall be filed as supporting documentation." Local Civil Rule 37.01(B) DSC.

[3]Even if these discovery requests were served on February 2, 2011, they would be untimely, as that was prior to Defendants filing their answer and prior to the start of discovery (both on March 15, 2011). See Docs. 18 and 19.

4



Plaintiff served his amended discovery request and his second request for discovery on April 4, 2011 as stated in Plaintiff's motion, these discovery requests are untimely.

Assuming Plaintiff served his first request for discovery on March 23, 2011 (as he states in his motion), it was timely served. Plaintiff, however, did not timely file his motion to compel as to his March 23, 2011 discovery requests. Motions to compel must be filed within twenty-one days of the discovery response or, if no response is given, within twenty-one days after the response was due. See Local Civil Rule 37.01(A) DSC. Defendants, with their response to Plaintiff's motion to compel, have now served Plaintiff with their discovery responses to Plaintiff's first request for discovery. Plaintiff did not file a reply to Defendants' response to his motion to compel (other than to file a motion to strike as discussed above) or any further motion to compel as to the responses provided by Defendants. **Plaintiff's motion to compel (Doc. 27) is, therefore, denied.**

3.  <u>Motion for a Protective Order</u>

On June 6, 2011, Defendants filed a motion for a protective order and to stay discovery. They argue that their motion should be granted because they intend to file a motion for summary judgment in which they will raise the defense of qualified immunity. Defendants also argue that most of Plaintiff's discovery requests are unduly burdensome and irrelevant, and are not calculated to lead to information relevant to the issue of qualified immunity. Doc. 29 at 5. Plaintiff filed a response in opposition on June 17, 2011.

At the time they filed their motion for a protective order, Defendants had not filed a motion to dismiss or for summary judgment such that a protective order appeared to be speculative. Although Defendants have now filed a motion for summary judgment (see Doc. 40 filed June 27, 2011) in which they assert qualified immunity, they also appear to argue the merits of the case.

5



Further, Defendants' motion appears to be moot, as Defendants have substantially complied with Plaintiff's timely discovery requests, the period for discovery has now run, and Plaintiff's motion to compel has been denied. **Defendants' motion for a protective order (Doc. 29) is, therefore, denied.**

    4.    <u>Motion for Sanctions</u>

On June 17, 2011, Plaintiff filed a motion, which he states is pursuant to Rule 9, to sanction Defendants and Defendants' attorney. Plaintiff appears to claim that they violated the scheduling order in this action and the Professional Rules of Conduct because they have not provided him with requested discovery. He claims that he is seeking "redress of grievance against Defendants pursuant to FRCP, Rule[s] 9 and 37 for with holding incriminating evidence and secondly for defendants making false claims of immunity when they admit acting out side their official job descriptions as Complained." He asks that the Court hold Defendants' attorney in contempt and order Defendants to "personally pay for their own separate independent legal counsel." Defendants deny that they have acted unethically or violated any Court order, and argue that there is no legal basis for Plaintiff's request for sanctions.

Rule 9 ("Pleading Special Matters") does not provide a party with a means to seek sanctions from another party or that party's counsel. Further, Plaintiff fails to show that Defendants or Defendants' counsel have violated a Court order. As discussed above, Defendants have responded to Plaintiff's timely filed discovery requests, and Plaintiff has provided no basis for the Court to order

6



Defendants to obtain and personally pay for independent legal counsel.  **Plaintiff's motion for sanctions (Doc. 37) is, therefore, denied.**

     **AND IT IS SO ORDERED.**

                                                  Joseph R. McCrorey
                                                  United States Magistrate Judge

December 27, 2011
Columbia, South Carolina